**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ADRIANNE KELLY,
LAMONTEZ MOYE, and
BRAXTON BURTON,**

    **Plaintiffs,**

vs.                                                  Case No. 4:21-CV-00419-WS-MAF

**CAPITAL ASSOCIATION
MANAGEMENT GROUP,
et al,**

    **Defendant.**
_____/

## **REPORT AND RECOMMENDATION**

This Cause comes before the Court upon *sua sponte* review of the record. Plaintiffs, all non-prisoners proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, ECF No. 1. Plaintiffs did not pay the $402 filing fee and filed an insufficient motion to proceed *in forma pauperis* (IFP), which was denied. ECF No. 2. The court reviewed the complaint as required under 28 U.S.C. § 1915A and found it legally insufficient. ECF No. 4. The court directed Plaintiffs to file an amended civil rights complaint by November 29, 2021.[1] Id. The court also ordered Plaintiffs to refile the IFP

---

[1] Notwithstanding the court's order, and without the benefit of a court summons, Defendants filed answers and defenses, corporate disclosure statements, and a notice of

motion or, alternatively, to pay the filing fee. Id. As of the date of the drafting of this Report, Plaintiffs failed to comply with the court's order. For the reasons stated below, Plaintiffs' complaint should be dismissed.

## I. Plaintiffs' Complaint, ECF No. 1.

Plaintiffs sue Capital Management Group and Yesiltas Mehmet alleging civil rights violations under Section 1983, unlawful eviction, discrimination in violation of the Fair Debt Collection Practices Act, the Federal Housing Act, the Americans with Disabilities Act, 24 CFR § 100.65, and other federal statutes. ECF No. 1. The complaint is not on the proper form as required by N.D. Fla. Loc. R. 5.7(A).

Plaintiffs allege "aggravated constructive eviction from Palms West Condominiums," which are managed by Capital Management Group. ECF No. 1, p. 2. Plaintiff Kelly is disabled and receives Social Security disability benefits. Id., p. 2-3. Plaintiff Moye is Kelly's son; and Plaintiff Burton is her nephew. Id., p. 2. During the time of the alleged events, Burton contracted Covid-19; and Moye was recovering from ankle surgery. Id. It is unknown whether Moye and Burton are adult or minor plaintiffs in this case. Defendant Mehmet is the owner of Capital Management Group. Id. Plaintiffs state that

---

litigation history. ECF Nos. 5, 6, 7, 8. These filings are not subject to review because Plaintiffs failed to comply with the court's order to file a legally sufficient complaint and to refile a proper IFP motion or, alternatively, pay the filing fee.

Case No.: 4:20-CV-00356-RH-MAF

the case was originally filed in the Leon County circuit court, but they voluntarily dismissed it because federal jurisdiction exists. Id., p. 1.

As best can be determined, Kelly was laid off from her job "due to Covid-19" and notified Defendants of the predicament. Id., p. 2. Defendants retaliated by arranging for the City of Tallahassee to shut off all utilities to the unit and sought to evict Plaintiffs for nonpayment of rent. Id. Utilities were disconnected on January 15, 2020. Id. Kelly reached out to Capital Management Group to restore the utilities but was refused by Ms. Swain. Id., p. 3. Kelly also reported to Capital Management Group and law enforcement that squatters occupied the apartment next door. Id. At one point, there was a break-in into Plaintiffs' apartment, which Plaintiffs reported. Id. Plaintiffs allege that the utilities were turned off in retaliation for filing complaints, which left them constructively evicted. Id., p. 4. Plaintiffs lived in their car. Id., p. 2.

Aside from these facts, Plaintiffs' complaint largely amounts to legal conclusions. Id., pp. 5-10. Plaintiffs attribute no acts or omissions to Defendant Mehmet. See Complaint, generally. Plaintiffs seek statutory-, actual- punitive-, and compensatory damages for costs relating to being forced to move out and becoming homeless. Id., p. 10. They also seek mental and emotional damages. Id.

Several exhibits are attached to the Complaint including the "Final Judgment for Possession" in favor of Capital Management Group. Id. The final judgment, issued on May 13, 2021, awards possession of the apartment at issue, evicts the Plaintiffs from the apartment, and awards Capital Management attorney's fees.[2] Id. This appears contradictory to Plaintiffs' claims that they voluntarily dismissed their state case. It is unknown whether Plaintiffs appealed the judgment to the state court of appeals because the complaint is not on the proper form which contains a section for Plaintiffs to state their related litigation.

The IFP motion is also insufficient as filed. ECF No. 2. For example, Kelly lists just over $1,400 in monthly income but more than $2,300 in monthly expenses making it impossible for her to support the obligations she claims to have. Kelly should list all income she receives including any familial support. Id., pp. 3-5. Kelly states that she is also paying $4,000 in attorney's fees for Capital Management. Id., p. 5. This expense seems likely to be an obligation stemming from the state court judgment in the eviction proceeding, which awarded attorney's fees to Capital Management. See ECF No. 1, p. 5.

---

[2] Defendants filed a notice of pendency of other actions, ECF No. 8, confirming the instant case is related to two "cases filed in the Second Judicial Circuit in and for the County Court of Leon County: 2021-cc-000203 and 2021[-]CC[-]000222."

Case No.: 4:20-CV-00356-RH-MAF

## II. Discussion

A. <u>Shotgun Pleadings are Not Permissible</u>

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." <u>LaCroix v. W. Dist. of Ky.</u>, 627 F. App'x 816, 818 (11th Cir. 2015).

"A 'shotgun pleading' - one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'— does not comply with the standards of Rules 8(a) and 10(b)." <u>Id</u>. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." <u>Id</u>. (citing <u>PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.</u>, 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

As narrated above, Plaintiffs name Defendant Mehmet, the owner of Capital Management Group, but fail to attribute any incident, act, or omission to this person. Plaintiffs cannot simply "plead the bare elements of [a] cause

of action" but must provide facts which present a "plausible claim for relief" to survive a motion to dismiss. See Randall v. Scott, 610 F.3d 701-708-09 (11th Cir. 2010) (concluding there is no "heightened pleading standard" under Rule 8, including civil rights complaints) (citing Ashcroft v. Iqbal, 556 U.S. 662, 687 (2009)). Plaintiffs must allege the facts which support the claim raised against each defendant. Legal conclusions are insufficient.

The court directed Plaintiffs to amend this deficiency (ECF No. 4); however, Plaintiffs did not do so. Accordingly, the complaint should be dismissed as an impermissible shotgun pleading and for failure to comply with court orders.

B. Dismissal for Failure to Comply with Court Orders

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of

delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). Plaintiffs have failed to comply with the court's orders to properly amend the complaint and to refile the IFP motion or pay the filing fee by the set deadlines. Finally, in its order, the court warned that failure to comply with court orders would result in a recommendation to dismiss this action. The court gave Plaintiffs liberal opportunity to comply to no avail. Dismissal is warranted. Granting Plaintiffs additional time to comply is futile because the complaint fails to state a claim for relief as explained below.

C. Landlords Are Ordinarily Not State Actors under Section 1983.

The claims against Defendants fail because they are a property management company and its owner. An essential element of a § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation. American Manufacturers Mutual Ins. Company v. Sullivan, 526 U.S. 40 (1999); Willis v. University Health Services, Inc., 993 F.2d 837, 840 (11th Cir. 1993). "The under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Focus on the Family v. Pinellas Suncoast Transit

Auth., 344 F.3d 1263, 1277 (11th Cir. 2003) quoting American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

State action requires (1) an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and (2) that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). A defendant can be found to act under color of state law even if he is not an officer of the state if "he is a willful participant in joint action with the State or its agents." Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992). Three conditions must be met:

> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) 'the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]' ('nexus/joint action test').

Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001). Plaintiffs present no facts that suggest that the State of Florida coerced or encouraged the action. The Defendants do not perform a public function that exclusively belonged to the state. Finally, there is no suggestion that the State of Florida is interdependent with the Defendants on any level. Because

Case No.: 4:20-CV-00356-RH-MAF

landlords, ordinarily, are not state actors for the purposes of a Section 1983 action, Plaintiffs' claims should be dismissed.

D. The Rooker-Feldman Doctrine.

In addition, it is also likely futile for Plaintiffs to amend because the Rooker-Feldman Doctrine bars a federal court from adjudicating state claims which have concluded with final judgments on the merits. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). This doctrine limits a district court's jurisdiction as explained in Lawton v. Rosen, 559 F. App'x 973, 974 (11th Cir. 2014):

> '[F]ederal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court.' Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009). It applies to all 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' Exxon Mobil v. Saudi Basic Indus., 544 U.S. 280, 284 (2005). And it extends not only to federal claims actually raised in state court, but also to federal claims 'inextricably intertwined' with the state court's judgment, meaning those that can 'succeed[] only to the extent that the state court wrongly decided the issues' before it. Casale, 558 F.3d at 1260.

The Rooker-Feldman doctrine forecloses Plaintiffs' efforts to use this instant action as a means to overturn the state court's final judgment

Case No.: 4:20-CV-00356-RH-MAF

resolving the eviction on claims they raised, or had a reasonable opportunity to raise, in that forum, and could have raised on appeal. Essentially, Plaintiffs invite review and rejection of an earlier state court judgment. When the state court awarded a writ of possession to Capital Management Group, the decision had the effect of authorizing the removal of the tenant(s) from the premises. A finding by this court that Plaintiffs were wrongfully evicted would vitiate the state court's writ of possession. For this reason, Plaintiffs' claims are subject to dismissal.

E. The CDC Federal Eviction Moratorium

To the extent Plaintiffs raise the issue they were evicted wrongfully and in violation of the nationwide moratorium on residential evictions for nonpayment of rent issued by the Centers for Disease Control and Prevention (CDC), the claim is foreclosed by the recent decision by the Supreme Court of the United States. ECF No. 1, p. 8. The Court held that this type of moratorium is solely within the power of Congress to authorize -- not the CDC. Ala. Ass'n of Realtors v. HHS, 210 L.ED. 2d 856 (2021). In short, the moratorium is unenforceable; and the claim should be dismissed.

F. Plaintiffs Do Not Have Standing to Litigate Criminal Allegations.

To the extent Plaintiffs suggest that Defendants are subject to criminal penalties for their actions, ECF No. 1, p. 8, the reliance on criminal statutes

Case No.: 4:20-CV-00356-RH-MAF

to create a private right of action is often misplaced. See Linda R.S. v. Richard C., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); see also Love v. Delta Air Lines, 310 F.3d 1347, 1352-53 (11th Cir. 2002) (stating "[c]riminal statutes generally do not provide a private cause of action"). More importantly, the decision to prosecute generally rests entirely in the prosecutor's discretion. Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). Plaintiffs' criminal allegations should be dismissed for lack of standing.

## III.  Conclusion and Recommendation

It is respectfully RECOMMENDED that Plaintiffs' complaint, ECF No. 1, be DISMISSED because it is an impermissible shotgun pleading and for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1 See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned,

generally is not an abuse of discretion."). Furthermore, Plaintiffs' complaint fails to state a claim. Finally, it is recommended that the case be CLOSED.

IN CHAMBERS at Tallahassee, Florida on December 6, 2021.

>s/ Martin A. Fitzpatrick
>MARTIN A. FITZPATRICK
>UNITED STATES MAGISTRATE JUDGE

NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).